# Exhibit C

2/08/2017 10:52:53 AM
Chris Daniel - District Clerk Harris County
Envelope No. 15197007
By: Jacob Blessing
Filed: 2/8/2017 10:52:53 AM

NO. 2017 08824

| | | |
|---|---|---|
| SONIA PARKER | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| | | |
| V. | § | 165th JUDICIAL DISTRICT |
| | | |
| MIGUEL ALVAREZ, AND | | |
| SOSA ENTERPRISES CORP, | § | |
| Defendants | | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Sonia Parker, hereinafter called Plaintiff, complaining of and about Miguel Alvarez and Sosa Enterprises Corp., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Sonia Parker, is an Individual whose address is 8503 Doskocil Drive, Houston, Texas 77044.

3. The last three numbers of Sonia Parker's driver's license number are 314. The last three numbers of Sonia Parker's social security number are 280.

4. Defendant Miguel Alvarez, an Individual who is a resident of Florida may be served with process at the following address: 2826 Shannon Oak Ct, St. Cloud, Fl 34769. Service of said Defendant as described above can be effected by personal delivery.

5. Defendant Sosa Enterprises Corp, Is a Corporation based in Florida, may be served with process by serving the registered agent of said company, Norma M Sosa, at 2826

RECEIVED FEB 1 8 2017

2017-08824 / Court: 165

Shannon Oak Ct., St. Cloud, FL 34769 its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks:

    a. monetary relief over $200,000 but less than $1,000,000.

8. This court has jurisdiction over the parties because the accident occurred in Texas.

9. Venue in Harris County is proper in this cause under Chapter 15 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

10. On or about June 18, 2016, in Houston, Harris County, Texas, Defendant Miguel Alvarez, attempted to make unsafe turn striking Plaintiff. As a result of the collision, Plaintiff was injured.

11. Defendant Alvarez, was in the course and scope of his employment with Sosa Enterprises at the time of the accident.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST MIGUEL ALVAREZ

12. Defendant MIGUEL ALVAREZ had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13. Plaintiff's injuries were proximately caused by Defendant Miguel Alvarez's negligent, careless and reckless disregard of said duty.

14.   The negligent, careless and reckless disregard of duty of Defendant Miguel Alvarez consisted of, but is not limited to, the following acts and omissions:

A.   In that Defendant Miguel Alvarez failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.   In that Defendant Miguel Alvarez failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care, would have done;

C.   In that Defendant Miguel Alvarez failed to yield the right of way; and

D.   In that Defendant Miguel Alvarez failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

## PLAINTIFF'S CLAIM OF
## RESPONDEAT SUPERIOR AGAINST SOSA ENTERPRISES

15.   At the time of the occurrence of the act in question and immediately prior thereto, Miguel Alvarez was within the course and scope of employment for Defendant Sosa Enterprises Corp.

16.   At the time of the occurrence of the act in question and immediately prior thereto, Miguel Alvarez was engaged in the furtherance of Defendant Sosa Enterprise's business;

17.   At the time of the occurrence of the act in question and immediately prior thereto, Miguel Alvarez was engaged in accomplishing a task for which Miguel Alvarez was employed.

17.   Plaintiff invokes the doctrine of Respondeat Superior as against Defendant Sosa Enterprises.

## DAMAGES FOR PLAINTIFF

18.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sonia Parker was caused to suffer serious injuries to his neck and back generally, and to

incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sonia Parker for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Galveston County, Texas;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering in the future;

E.  Physical impairment in the past;

F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

G.  Loss of earnings in the past;

H.  Loss of earning capacity which will, in all probability, be incurred in the future;

I.  Disfigurement in the past;

J.  Disfigurement in the future;

K.  Mental anguish in the past; and

L.  Mental anguish in the future.

## REQUEST FOR DISCLOSURE

19.  Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests the Defendants disclose, within 50 days of the service of this Petition and request, the information or material described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sonia Parker, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of

the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ROEBUCK, THOMAS, ROEBUCK & ADAMS

By: _____
Jeffrey T. Roebuck
Texas Bar No. 24027812
Email: jeff@roebuckthomas.com
476 Oakland Street
Beaumont, Texas 77701
Tel. (409) 892-8227
Fax. (409) 892-8318
ATTORNEY FOR PLAINTIFF
SONIA PARKER

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY